FILED
2018 Aug-21  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

|                                   |     |                          |
| --------------------------------- | --- | ------------------------ |
| **BEVERLY KING,**                 | )   |                          |
|                                   | )   |                          |
| **PLAINTIFF,**                    | )   |                          |
|                                   | )   |                          |
| **V.**                            | )   | **CIVIL ACTION NUMBER:** |
|                                   | )   |                          |
| **MIDLAND FUNDING, LLC;**         | )   | **JURY TRIAL DEMANDED**  |
| **MIDLAND CREDIT**                | )   |                          |
| **MANAGEMENT, INC.**              | )   |                          |
|                                   |     |                          |
| **DEFENDANTS.**                   |     |                          |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Beverly King, by and through undersigned counsel, and for her complaint states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendants transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

2.      The Plaintiff is a resident and citizen of the State of Alabama, Marshall County, and is over the age of twenty-one (21) years.

3.      The Defendant, Midland Funding LLC ("Midland"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in

the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Marshall, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4.      The Defendant, Midland Credit Management, Inc. ("MCM" or collectively with Midland as "The Defendants"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Marshall, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).  MCM is the servicer of accounts for Midland.

5.      All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Lawsuit #1

6.      On or about October 4, 2017, Plaintiff appealed a lawsuit Midland & MCM brought against King from the Small Claims Court of Marshall County, Alabama to the Circuit Court of Marshall County, Alabama.

7.      The lawsuit alleged Midland owned a delinquent account between Plaintiff and Barclays Bank Delaware, an entity not a party to this lawsuit.

8.     That lawsuit was assigned case number CV-17-000031.

9.     Midland & MCM claimed King owed it $1904.87.

10.    King denied these allegations.

11.    On December 8, 2017, the Circuit Court held a bench trial in which Midland failed to prove the $1904.87 amount.  No witnesses were called and Midland failed to introduce the necessary evidence of its claim.  As a result, the Court entered judgment against Midland and in favor of King.

12.    Defendants' actions constitute a pattern and practice of initiating lawsuits against consumers without the intent to prove the allegations under the Rules of Civil Procedure that govern Circuit Courts or to provide the necessary witnesses to prove its allegations.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

13.    The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

14.    The Defendants have engaged in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*. Specifically, The Defendants have misrepresented the amount of the alleged debt and, at the time of the appeal that they would never attempt to prove its claims and would never bring witnesses to Court or admit competent evidence in support of its claims.

15.     As a result of the Defendants' actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

## COUNT TWO
## NEGLIGENCE AGAINST THE DEFENDANTS

16.     Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

17.     The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

18.     The Defendants knew or should have known that said conduct was improper.

19.     The Defendants negligently failed to prevent and/or participated in improper collection activities.

20.     As a result of The Defendants' negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANTS

21.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

22.     The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

23.     The Defendants knew or should have known that said conduct was improper.

24.     The Defendants recklessly and wantonly failed to prevent and/or participated in improper collection activities.

25.     As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

### COUNT FOUR
### MALICIOUS PROSECUTION

26.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

27.     Defendant Midland Funding, LLC sued the Plaintiff over an alleged accounts.

28.     Midland Funding, LLC lacked probable cause to file the lawsuit.

29.     Midland Funding, LLC maliciously filed the lawsuit against the Plaintiff.

30.     The lawsuit ended in favor of Michael King and against Midland Funding, LLC.

31.     As a result of Midland Funding, LLC's frivolous lawsuit, Plaintiff was harmed.

## COUNT FIVE
## ABUSE OF PROCESS

32.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

33.     Defendant Midland Funding, LLC filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the alleged debt and that King was indebted to Midland Funding, LLC.

34.     Defendant Midland Funding, LLC never had any intent to prove any claim against the Plaintiff in Circuit Court, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

35.     The ulterior purpose was to attempt to force Plaintiff into paying Midland Funding, LLC for debts that Midland either could not or refused to establish by any competent evidence were owed to it by Plaintiff or to obtain a default judgment against the Plaintiff without any competent evidence supporting Midland's claims.

36.     Midland Funding, LLC was aware, at the time the lawsuit was filed, that it would never attempt to prove its claims and would never bring witnesses to Court or admit competent evidence in support of its claims.

37.     Midland Funding, LLC was aware that its conduct would harm the Plaintiff either by forcing her to pay a debt that Midland Funding, LLC itself knew it would not or could not prove or, alternatively, by obtaining a default judgment

against King on a debt Midland Funding, LLC knew it would not or could not prove in a court of law.

38.     This conduct by Midland Funding, LLC is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as King.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendants as follows:

A.     Declaratory judgment that the Defendants' conduct violated the FDCPA and state law;

B.     Statutory damages;

C.     Compensatory, actual and punitive damages;

D.     Costs and reasonable attorneys' fees;

E.     Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ W. WHITNEY SEALS
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
whitney@cochrunseals.com


                                        /S/ JOHN C. HUBBARD
                                        JOHN C. HUBBARD
                                        Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com


**PLAINTIFF'S ADDRESS:**
Ms. Beverly King
77 Miller Road
Guntersville, AL  35976


**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN
RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**MIDLAND FUNDING, LLC**
C/O Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**MIDLAND CREDIT MANAGEMENT, INC.**
C/O Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104